## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DOROTHY ROBINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NAVY FEDERAL CREDIT UNION and ) <br> EXPERIAN INFORMATION SOLUTIONS ) <br> INC. ) <br> ) <br> Defendants. ) | Civil Action No. 4:24-cv-241 <br><br> Complaint and Demand for <br> Jury Trial |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DOROTHY ROBINSON as and for her Complaint respectfully alleges as follows:

### I. INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive money damages against Defendants NAVY FEDERAL CREDIT UNION ("NFCU") and EXPERIAN INFORMATION SOLUTIONS ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) in that the Defendants transact business in Little Elm, Denton County, Texas and the conduct complained of occurred in Little Elm, Denton County, Texas.

### III. PARTIES

4. Plaintiff is a natural person residing in Little Elm, Texas.

5. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

6. Upon information and belief, Defendant NFCU is a Virginia entity with its principal place of business located at 820 Follin Ln SE, Vienna, VA 22180 and its registered agent as follows: Corporation Service Company, 100 Shockoe Slip Fl 2, Richmond, VA 23219.

7. Defendant NFCU is a "furnisher of information" to consumer reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681s-2 et seq.

8. Upon information and belief, Defendant Experian is an Ohio corporation duly authorized and qualified to do business in the State of Texas, with its registered agent as follows: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

9. Upon information and belief, Defendant Experian is a consumer reporting agency ("CRA") as that term is defined by 15 U.S.C. § 1681a(f) and disburses consumer reports to third parties under contract for monetary compensation.

## IV.  FACTS OF THE COMPLAINT

10. On or about March 8, 2023 Defendant NFCU canceled the alleged debt of Plaintiff for account number ending in *5196 and issued Plaintiff an IRS Form 1099-C stating it discharged the debt in the amount of $7,584.26.

11. Despite canceling the debt, Defendant NFCU continued to erroneously report the account status as paid in settlement, $15,758 written off, which appeared on Plaintiff's consumer reports.

12. On March 27, 2023 Plaintiff obtained a copy of her consumer report from Defendant Experian and observed that the NFCU account was reporting inaccurately.

13. On or about March 27, 2023 Plaintiff disputed the NFCU account with Defendant Experian in writing and informed Defendant Experian that the subject account was inaccurate and/or invalid.

14. The FCRA demands of CRAs that they utilize reasonable procedures to assure maximum possible accuracy of the information they report. 15 U.S.C. §1681e(b). When a consumer disputes an item of information, the agency must investigate the dispute and, if the information cannot be verified, delete it. 15 U.S.C. §1681i.

15. Also, when a consumer disputes the accuracy of information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

16. Upon information and belief, Defendant Experian sent a dispute to Defendant NFCU for reinvestigation, providing all relevant information in connection with Plaintiff's August 7, 2023 dispute.

17. Upon information and belief, Defendant NFCU verified to Defendant Experian that the account was accurate.

18. On or about February 6, 2024 Plaintiff submitted an additional dispute to Defendant Experian in writing and informed Defendant Experian that the subject account was still reporting inaccurately, in particular Plaintiff provided Defendant Experian a copy of the 1099-C form from Defendant NFCU reflecting the amount of debt discharged as $7,584.26.

19. Upon information and belief, Defendant Experian provided all relevant information to Defendant NFCU for reinvestigation in connection with Plaintiff's February 6, 2024 dispute.

20. Upon information and belief, Defendant NFCU verified to Defendant Experian that the account was reporting accurately.

21. Despite Plaintiff's disputes regarding the inaccurate reporting of the alleged charged off amount, Defendants NFCU and Experian have continued to report the account inaccurately from approximately March 2023 through March 2024.

22. Defendant NFCU failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties and failed to review underlying account information with respect to the disputed information and/or the accuracy of the disputed information.

23. Defendant Experian failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties and failed to review underlying account information with respect to the disputed information and/or the accuracy of the disputed information.

24. The false information regarding the NFCU account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

25. Defendant Experian published the false information regarding the NFCU account to third parties.

26. As a result of the actions and inactions of all Defendants, particularly the publishing of such inaccurate and incomplete information, the personal and credit reputation of Plaintiff has been severely damaged, causing her FICO scores to be lowered resulting in Plaintiff being denied credit or being granted credit with a much higher interest rate, and has caused severe humiliation, emotional distress and mental anguish.

### V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(A)
### (Defendant NFCU)

27. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

28. Defendant NFCU has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to conduct a reasonable investigation on the tradeline that is furnished to the Consumer Reporting Agencies.

29. Defendant NFCU caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

30. Defendant NFCU's conduct was negligent and/or willful.

31. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and litigation costs for Defendant's willful acts pursuant to 15 U.S.C. § 1681n.

32. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendant's violations are negligent, pursuant to 15 U.S.C. §1681o.

### VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(B)
### (Defendant NFCU)

33. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

34. Defendant NFCU violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information forwarded to them by the consumer reporting agencies.

35. Defendant NFCU caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.

36. Defendant NFCU's conduct was negligent and/or willful.

37. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n.

38. Alternatively, Plaintiff is entitled to actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VII.  THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(C)
### (Defendant NFCU)

39. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

40. Defendant NFCU violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the accurate information about the alleged tradeline to the consumer reporting agencies and by failing to report the results of the reinvestigation.

41. Defendant NFCU caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

42. Defendant NFCU's conduct was negligent and/or willful.

43. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

44. Alternatively, Plaintiff is entitled to actual damages, costs, and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(D)
### (Defendant NFCU)

45. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

46. Defendant NFCU violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies and continuing to report information that was false, inaccurate and unverifiable.

47. Defendant NFCU caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

48. Defendant NFCU's conduct was negligent and/or willful.

49. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

50. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(E)
### (Defendant NFCU)

51. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

52. Defendant NFCU violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have procedures in their system and failing to have a procedure with the consumer reporting agencies to (i) modify the inaccurate information in their system, (ii) delete the inaccurate or unverifiable, erroneous, information, or (iii) block the re-reporting of inaccurate or unverifiable information.

53. Defendant NFCU caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

54. Defendant NFCU's conduct was negligent and/or willful.

55. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

56. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## X. SIXTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)
### (Defendant Experian)

57. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

58. Defendant Experian violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the NFCU trade line information when preparing a consumer report purportedly concerning Plaintiff.

59. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

60. At all times alleged herein, Defendant acted negligently and/or willfully.

61. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XI. SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendant Experian)

62. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

63. Defendant Experian has failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

64. Defendant Experian has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

65. Defendant Experian has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

66. Defendant Experian has done so either negligently or willfully.

67. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

68. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## XII. EIGHTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)
### (Defendant Experian)

69. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

70. Defendant Experian has violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

71. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

72. At all times alleged herein, Defendant Experian acted negligently and/or willfully.

73. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

### XIII. NINTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)
### (Defendant Experian)

74. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

75. Defendant Experian violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the NFCU tradeline on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify NFCU that the information was deleted from Defendant's file of Plaintiff.

76. Defendant Experian violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

77. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

78. At all times alleged herein, Defendant Experian acted negligently and/or willfully.

79. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XIV. TENTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(6)(B)(iii)
## (Defendant Experian)

80. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

81. Defendant Experian has violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

82. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

83. At all times alleged herein, Defendant Experian acted negligently and/or willfully.

84. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XV. ELEVENTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(7)
## (Defendant Experian)

85. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

86. Defendant Experian has violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

87. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

88. Defendant Experian acted negligently and/or willfully.

89. Defendant is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

### XVI.  JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure and entry of judgment in favor of Plaintiff and against all Defendants for:

   A.   Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

   B.   Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

   C.   Costs and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

   D.   For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: March 19, 2024

By: s/ Tiffany Hill
Tiffany Hill, Esq. (OBA# 31332)
3010 LBJ Freeway, Suite 1200
Dallas, TX 75234
(405) 456-9406
thlegalconsulting@gmail.com

*/s/ Shakeria Northcross*
Shakeria Northcross
Texas Bar No. 24116836
NORTHCROSS LEGAL PLLC
3010 LBJ Freeway, Suite 1200
Dallas, TX 75234
T: (903) 691-1246
E: assistant@northcrosslegal.com

*ATTORNEYS FOR PLAINTIFF*