IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **DOROTHY ROBINSON** § | |
| § | |
| v. § | NO. 4:24-CV-00241-SDJ-BD |
| § | |
| **NAVY FEDERAL CREDIT UNION** § | |

**MEMORANDUM OPINION AND ORDER**

Dorothy Robinson sued Navy Federal Credit Union and Experian Information Solutions, Inc., for alleged violations of the Fair Credit Reporting Act. Dkt. 1. Before the court entered a scheduling order, Navy Federal moved for summary judgment. Dkt. 9. Robinson then settled with Experian, Dkts. 11, 20, 21, and moved for leave to amend her complaint, Dkt. 15.; *see* Dkt. 13 (proposed amended complaint). Navy Federal opposed the amendment. Dkt. 17.

Robinson argues that the proposed amendment should be permitted because it clarifies her claims and does not prejudice Navy Federal. She points out that the proposed amended complaint does not add any new parties, claims, or legal theories. Navy Federal argues that Robinson's motion to amend her complaint, filed after its motion for summary judgment, should be denied because the timing is improper and prejudicial. It also argues that the proposed amended complaint is futile. In the court's view, Robinson has the better argument, so her motion for leave to amend will be granted.

**LAW**

Federal Rule of Civil Procedure 15 requires the court to "freely give leave [to amend] when justice so requires." "The language of this rule evinces a bias in favor of granting leave to amend, and a district court must possess a substantial reason to deny a request." *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir. 2018) (cleaned up). The court may deny leave to amend when any of five factors is present: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed;

(4) undue prejudice to the opposing party by allowing the amendment, and (5) futility of amendment. *Jack v. Evonik Corp.*, 79 F.4th 547, 564–65 (5th Cir. 2023).

## DISCUSSION

### I. Timing of the Amendment

Navy Federal relies on several cases that, in its view, require the court to deny an amendment after a summary-judgment motion has been filed. Each is distinguishable.

First, Navy Federal argues that it is "well-settled in the Fifth Circuit that a plaintiff should not be allowed to alter course after realizing the submitted grounds were not sufficient to uphold their claims." Dkt. 17 at 3 (citing *Lamar v. Am. Fin. Sys. of Fulton Cnty., Inc.*, 577 F.2d 953, 954–55 (5th Cir. 1978)). The case on which Navy Federal relies, however, addressed whether a party should be permitted to "tender an entirely new issue, never even suggested before," after the court had denied cross-motions for summary judgment. *Lamar*, 577 F.2d at 955. Here, the court has not yet ruled on Navy Federal's summary-judgment motion, and Robinson's proposed amended complaint does not add new issues.

Navy Federal also cites *Ellis v. Carrington Mortgage Services, LLC*, No. 4:19-CV-4370, 2021 WL 3604793, at *2 (S.D. Tex. Aug. 13, 2021). That case, too, is distinguishable. The plaintiff in *Ellis* sued in state court and supplemented her petition six times before the defendant removed the case to federal court and moved for summary judgment. *Id.* at *1. The plaintiff then filed a motion for leave to amend and a hodgepodge of documents that the court construed as "one singular complaint." *Id.* The court denied the amendment because the proposed complaint asserted new claims and lacked factual allegations to support them. *Id.* at *2.

Navy Federal also relies on *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 & n.2 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994). There, the Fifth Circuit affirmed a district court's denial of leave to amend a complaint because the amendment "would have established an entirely new factual basis for the plaintiffs' claims" and the plaintiffs' delay in moving to amend was "particularly egregious" because it came late in the proceedings and after discovery had closed.

2

*Id.* at 846. Here, Robinson's motion for leave to amend was filed before any scheduling order was entered and thus long before the close of discovery. And as already noted, the proposed amendment clarifies but does not add to Robinson's claims.

Navy Federal also cites *Gipson v. American Family Life Assurance Co. of Columbus*, No. 6:18-CV-00561-JDK-JDL, 2019 WL 6588052, at *2–3 (E.D. Tex. Nov. 6, 2019), *report and recommendation adopted*, No. 6:18-CV-561-JDK-JDL, 2019 WL 6526015 (E.D. Tex. Dec. 4, 2019), in which the court noted that the proposed amendment would cause undue delay because it came "nearly a year" after the suit was filed and after the defendant's summary-judgment motion had been fully briefed. *Id.* at *3. But the court's main reason for denying the amendment was futility; the court ordered the plaintiff to demonstrate that the amount in controversy met the court's jurisdictional threshold, and the proposed amended complaint did not do so. *Id.* at *4.

Navy Federal next cites *Strong v. Green Tree Servicing, L.L.C.*, 716 Fed. App'x. 259, 264 (5th Cir. 2017) (per curiam). In that case, the Fifth Circuit affirmed the district court's denial of leave to amend because the plaintiffs' motion failed to comply with the court's local rules; came "after nearly two years of litigation, a prior amendment to the complaint, and a missed filing deadline" with no explanation for the delay; and "attempted to assert over a dozen new claims." *Id.* Nothing like that has happened here.

None of the cases that Navy Federal relies on precludes Robinson's proposed amendment. And Navy Federal need not worry that its summary-judgment motion will go to waste, because "[r]egardless of whether the amended claim is addressed by the moving party in its motion for summary judgment, when leave is granted to amend the pleadings, the motion for summary judgment is considered to apply to the pleadings as amended." *Boles v. Bombardier Inc.*, No. 01-40656, 2002 WL 243291, at *3 (5th Cir. Jan. 21, 2002).

## II. Undue Prejudice to Navy Federal

Navy Federal argues that Robinson's proposed amendment would prejudice it by introducing a new factual basis for her claims. Specifically, Navy Federal objects to the amendment's shift from

3

focusing on a 1099-C showing that Navy Federal had discharged Robinson's debt to her allegation that Navy Federal failed to accurately report payments she made as part of a settlement.

Robinson argues that Navy Federal will not be prejudiced by the amendment because it knew the basis of her claims before it moved for summary judgment (and before she moved to amend the complaint). Robinson provided Navy Federal's counsel with a copy of a dispute letter explaining the settlement agreement and her contention that Navy Federal should not report the full amount due after an agreement that she would pay less than that amount. Dkt. 15 at 3.

A comparison of the original and proposed amended complaints illustrates the point. The original complaint alleges:

> 10. On or about March 8, 2023 Defendant NFCU canceled the alleged debt of Plaintiff for account number ending in *5196 and issued Plaintiff an IRS Form 1099-C stating it discharged the debt in the amount of $7,584.26.
>
> 11. Despite canceling the debt, Defendant NFCU continued to erroneously report the account status as paid in settlement, $15,758 written off, which appeared on Plaintiff's consumer reports.

Dkt. 1 at 3. The proposed amendment alleges:

> 10. Plaintiff had an account with Defendant NFCU, account ending in *5196, with an alleged balance of approximately $15,758.00.
>
> 11. Plaintiff entered into a payment arrangement for an agreed upon settlement payment with Defendant NFCU and made timely payments towards the $15,758 balance, with the final payment of $3,000 being made on or about March 23, 2023.
>
> 12. On or about March 23, 2023 Plaintiff received correspondence from Defendant NFCU indicating that final payment was made by Plaintiff. **Exhibit 1**
>
> 13. On or about February 6, 2024, Plaintiff obtained a copy of her consumer report from Defendant Experian and observed that the NFCU account was reporting inaccurately, specifically Defendant NFCU was reporting the account status as "Paid in settlement. $15,758 written off," which did not account for the previous payments made by Plaintiff pursuant to the payment arrangement.

Dkt. 13 at 3.

Both the original and the proposed amended complaints put Navy Federal on notice that Robinson disagreed with its reporting of the $15,758 written-off debt. The original complaint refers

4

to the 1099-C, which showed only $7,584.26 discharged. The amended complaint adds that Robinson agreed to settle the debt with Navy Federal and made payments toward the debt. Either version sufficiently notifies Navy Federal that Robinson disagreed with the amount reported as written off. The proposed amended complaint does not add any new claims or legal theories that would prejudice Navy Federal's defense.

### III. Futility of Amendment

Navy Federal argues that leave to amend should be denied because the proposed amended complaint would be futile. It relies on two cases in which the court rejected claims similar to Robinson's.

An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). In determining futility, the court applies the standard of Rule 12(b)(6). *Id.* Dismissals under that standard "are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court must accept as true all well-pleaded facts and view them in the light most favorable to the plaintiff. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). The complaint will survive the motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Navy Federal cites two noncontrolling cases from a single court—*Schiff v. Experian Information Services, Inc.*, No. CV2101167MASLHG, 2021 WL 5205906 (D.N.J. Nov. 9, 2021), and *Harrari v. Experian Information Solutions, Inc.*, No. CV213337ZNQDEA, 2023 WL 2634402 (D.N.J. Mar. 24, 2023)—to support its argument that Robinson's amended complaint fails to state a claim. The court does not find those cases instructive here.

In *Schiff*, the court considered a plaintiff's claim that a reported charged-off debt did not accurately reflect that the plaintiff had settled the debt for less than the full amount. The court pointed out that "whether a debt is *later* settled does not change the fact that the debt had been *previously* written off and could therefore be reported as such for up to seven years." *Schiff*, 2021

5

WL 5205906 at *3. *Harrari* dealt with facts so similar that the court noted that it "mirror[ed] exactly the facts" in *Schiff*. 2023 WL 2634402 at *2. The *Harrari* plaintiff alleged that "because she settled her accounts with [the defendant creditors] subsequent to the charge offs, the credit report is 'inaccurate and materially misleading.'" *Id.*

Both of those cases granted fully briefed motions for judgment on the pleadings. Both addressed pleadings that clearly showed that the settlement occurred after the charge off. And neither is binding on this court. Here, Robinson's amended complaint does not clarify when the settlement occurred. And the court is reluctant to find the amended complaint futile based on two nonbinding authorities and without full briefing on the relevance of the charge offs.

The proposed amended complaint puts Navy Federal on notice that Robinson disagreed with the written-off balance on her credit report. She alleges that she and Navy Federal settled the debt. Navy Federal reported that the amount it wrote off was $15,758. But Robinson disagreed with that amount because she had made some payments toward the debt. And she refers to the 1099-C, which showed a different number, to suggest her disagreement with the amount reported. The court cannot conclude, at this stage, that her proposed amended complaint fails to state a claim.

## CONCLUSION

It is **ORDERED** that:

1) the motion for leave to amend, Dkt. 15, is **GRANTED**; and
2) the amended complaint, Dkt. 13, is now the operative complaint.

Robinson is cautioned that further amendments may not be allowed.

So **ORDERED** and **SIGNED** this 9th day of May, 2025.

_____
Bill Davis
United States Magistrate Judge